**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SBP RESTAURANT CORP., d/b/a TONY'S PIZZERIA & RESTAURANT,** | <u>Case No. 18-cv-7176</u> |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **KNICKERBOCKER PIZZA, LLC d/b/a TONY'S PIZZA, and GEORGE TAGARIS,** | **Jury Trial Demanded** |
| Defendants. | <u>ECF Case</u> |

Plaintiff, SBP Restaurant Corp. d/b/a Tony's Pizzeria & Restaurant ("SBP" or "Plaintiff"), by and through its attorneys, Lackenbach Siegel, LLP, for its complaint against defendants Knickerbocker Pizza, LLC d/b/a Tony's Pizza ("Knickerbocker") and George Tagaris ("Tagaris") (collectively "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1.      In this action, Plaintiffs seek injunctive relief, lost profits, damages and attorneys' fees and costs for Defendants' acts of willful acts of false advertising, trademark infringement, and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*., and deceptive acts and practices, injury to business reputation and dilution, unfair competition, and trademark infringement under the common law and statutes of the State of New York, and refusal and/or cancellation of Knickerbocker's U.S. Trademark Application based upon priority and likelihood of confusion and deception.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338, and 1367.

3.      The actions of Defendants complained of in this Complaint have been and continue to be committed within the Eastern District of New York.

4.      Upon information and belief, Knickerbocker is a New York entity having its place of business located in New York

5.      Upon information and belief, Tagaris is a citizen and resident of the State of New York.

6.      Upon information and belief, Defendants contract to supply goods and/or services, and/or transact business in this State and within this judicial district; and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the willful false advertising, unfair competition, and illegitimate use of trademark and goodwill, have caused harm to Plaintiff within this judicial district.

7.      Personal jurisdiction exists over Defendants pursuant to NYCPLR §§ 301 and 302.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

9.      SBP is a corporation existing under the laws of the State of New York, having its principal place of business located at 443 Knickerbocker Avenue, Brooklyn, New York 11237.

10.     Upon information and belief, Knickerbocker is a New York limited liability company, having its principal place of business located at 336 Knickerbocker Avenue, Brooklyn, New York 11237.

11.     Upon information and belief, Tagaris is the owner, principal, member and/or manager of Knickerbocker and has aided, abetted, controlled, actively directed and caused

Knickerbocker to commit the acts complained of herein directly and/or as the alter ego of Knickerbocker.

## FACTUAL ALLEGATIONS

12.     Plaintiff is the current owner and operator of a food establishment, a pizza parlor and Italian food restaurant, located at 443 Knickerbocker Avenue, Brooklyn, New York (the "443 Shop").

**Opening of the First Tony's Pizza Shop (Now Plaintiff's Shop)**

13.     Prior to 1974, there were no pizza establishments in Bushwick, Brooklyn that had "Tony" in its name.

14.     The 443 Shop was established on March 1, 1974, by Antonino Rizzo ("Rizzo") and Peter Polizzi (a.k.a Pietro Polizzi) ("Polizzi"). A true and correct copy of the initial lease for Plaintiff's 443 Shop is attached hereto as Exhibit 1.

15.     The 443 Shop was Rizzo's first pizza shop.

16.     In 1974, the 443 Shop opened for business and became widely known as TONY'S PIZZA and TONY'S PIZZERIA.

17.     Polizzi oversaw the opening of the 443 Shop.

18.     In or around March 1974 through October 1976, Polizzi was employed by Rizzo at the 433 Shop and Polizzi oversaw the general operation of the 443 Shop.

19.     During March 1974 through October 1976, the 443 Shop also became widely known in the area as "Tony's Pizza" and "Tony's Pizzeria."

**Sale of the First Tony's Pizza Shop from Rizzo to Polizzi**

20.     On November 3, 1976, Rizzo sold the business and goodwill of the 443 Shop,
including the names and trademarks "Tony's," "Tony's Pizza," and "Tony's Pizzeria" to Polizzi
(the "Sale"). A true and correct copy of the "ESCROW AGREEMENT" that recorded the Sale in
writing is attached hereto as Exhibit 2.

21.     Polizzi became the successor in interest and owner of all rights in and to the
business located at the 443 Shop known as Tony's Pizza, including the "Tony's Pizza" name and
other trademarks.

22.     In connection with the Sale, Rizzo executed a bill of sale agreeing to a non-
compete clause where Rizzo could not compete with Polizzi and Tony's Pizza within 1 mile of
the 443 Shop for a term of five (5) years. A true and correct copy of the bill of sale is attached
hereto as Exhibit 3.

23.     In connection with the Sale and its closing, third party Inter-County Clearance Co.
conducted a diligence search for any federal tax liens, judgments, and the like against "Tony's
Pizzeria." Attached hereto as Exhibit 4 are true and accurate copies of Inter-County search slips
created in connection with the Sale and its closing.

24.     On November 3, 1976, Rizzo assigned the lease for the 443 Shop to Polizzi.
Attached hereto as Exhibit 5 are true and accurate copies evidencing the lease assignment from
Rizzo to Polizzi.

**Opening of the Second Tony's Pizza Shop (Now Defendants' Shop)**

25.     Prior to 1977, there was a pizza shop located at 336 Knickerbocker Ave, Brooklyn, New York 11237. This shop was named "Capri Pizza." Upon information and belief, Capri Pizza was owned and operated by the individual Angelo Mangano.

26.     In or about late 1976 or early 1977, Rizzo tried to open another establishment known as "Tony's Pizza" at 336 Knickerbocker Ave, Brooklyn, New York 11237 (the "336 Shop") and established signage to that effect.

27.     The 336 Shop was less than one mile from the 443 Shop.

28.     336 Knickerbocker Avenue, Brooklyn, New York 11237 is located about 5 short Brooklyn streets from 443 Knickerbocker Avenue, Brooklyn, New York 11237.

29.     Polizzi objected to and raised his concerns with Rizzo about Rizzo's opening of a new Tony's Pizza located at the 336 Shop.

30.     At that time, however, so as to avoid a potential legal dispute, customer confusion, and an unsavory Italian subculture in the Bushwick, Brooklyn area, Rizzo and Polizzi agreed that Rizzo would operate the 366 Shop under the name "Tony & Orazio" and create and use signage to that effect.

31.     To that end, in or around mid-1977, before the official opening of Rizzo's new pizza place at the 336 Shop, Rizzo placed a neon sign on the 336 Shop's window showing that the 336 Shop was named and to be known as "Tony & Orazio" Pizza. A true and accurate photograph of the neon sign used at the 336 Shop is attached hereto as Exhibit 6.

32.     Since Rizzo's and Polizzi's agreement in 1977, the 336 Shop operated as Tony & Orazio Pizza until Defendants recently changed the 336 Shop's name.

**Plaintiff's Obtaining the First Tony's Pizza Shop from Polizzi**

33.     From 1976 through in or around 2007, the 443 Shop operated under Polizzi as a sole proprietorship.

34.     In or around 2007, Polizzi, together with certain family members, formed Polizzi Holdings Corp. d/b/a Tony's Pizzeria & Restaurant ("PHC").

35.     In or around 2007, the Tony's Pizza business located at the 443 Shop was transferred from Polizzi's sole proprietorship to PHC and was then run and operated by Polizzi's son, Salvatore B. Polizzi ("Salvatore"), while Polizzi aided Salvatore as a consultant.

36.     PHC was the successor in interest to all rights and assets owned by Polizzi.

37.     In or about 2010, Salvatore formed a new entity, SBP, for purposes of owning and operating Tony's Pizza at the 443 Shop.

38.     SBP is the successor in interest to PHC, as all of PHC's rights and assets were transferred to SBP.

39.     SBP is the ultimate successor in interest to Polizzi, and is the owner of all Polizzi's rights and assets, including the "Tony's Pizza" and any and all trademark and/or trade name rights.

40.     Since 2010, SBP has owned and operated Tony's Pizza at the 443 Shop.

**Plaintiff's Rights**

41.     Plaintiff is the owner of, and the 443 Shop operates under, the trade names TONY'S PIZZERIA & RESTAURANT, TONY'S PIZZERIA, TONY'S PIZZA, TONY'S, and TONY'S BUSHWICK (collectively, "Plaintiff's Trade Names").

42.     Plaintiff commenced use of its Trade Names in the 1970's and has made continuous use of its Trade Names since the 1970's.

43.     Plaintiff's Trade Names have never been abandoned.

44.     Throughout the years, Plaintiff has made extensive use and promotion of Plaintiff's Trade Names, and in light of the unsolicited media coverage and notoriety pertaining to Plaintiff, Plaintiff's Trade Names, and Plaintiff's goods and services, Plaintiff's Trade Names have become distinctive and prominent, indicate a single source of origin of Plaintiff's goods and services, and have acquired a secondary meaning.

45.     Over the past forty years Plaintiff's Tony's Pizza, the 443 Shop, and Plaintiff's Trade Names all have become Brooklyn institutions and are famous throughout New York City and the surrounding areas. Plaintiff's Tony's Pizza, the 443 Shop, and Plaintiff's Trade Names all have become famous prior to any of the acts committed by Defendant's alleged herein.

**Defendants' Acquisition of the Second Tony's Pizza Shop from Rizzo and Defendants' Infringing Activities**

46.     Upon information and belief, on or about December 8, 2015, defendant Tagaris founded defendant Knickerbocker. A true and correct copy of a printout from the New York Department of State is attached hereto as Exhibit 7.

47.     Upon information and belief, shortly after the creation of Knickerbocker, Defendants purchased the Tony & Orazio pizza shop business located at the 336 Shop from Rizzo.

48.     Upon information and belief, in or around April 2017, Defendants began a new marketing campaign for Tony & Orazio pizza located at the 336 Shop.

49.     Defendants began to promote the 336 Shop as "The Original Tony's Pizza" and that the 336 Shop was established in 1969 (Defendants' "False Advertising"). Attached as Exhibit 8 hereto are true and correct copies of certain of Defendants' advertisements and social media for the 336 Shop.

50.     In connection with Defendants' False Advertising, Defendants also adopted a new logo to promote the 336 Shop ("Defendants' Infringing Logo"). Attached as Exhibit 9 hereto are true and correct copy of Defendants' Logo.

51.     Ignoring 40+ years of history, Defendants have also started identifying themselves and the 336 Shop as "Tony's of Bushwick" and "Tony's."

52.     In or around May 2017, Plaintiff became aware of Defendants' False Advertising and Defendants' Infringing Logo.

53.     In or about May 2017, Polizzi, Salvatore, and Jack Polizzi (the "Polizzi Family") personally visited the 336 Shop to speak with Defendants in an attempt to resolve the issues regarding the False Advertising, Defendants' Logo, and the clear misunderstanding of the historical and factual record of the two pizza shops.

54.     On May 25, 2017, Plaintiff issued a cease and desist letter to Defendant demanding Defendants cease their False Advertising and use of Defendants' Logo. A true and correct copy of Plaintiff's May 25, 2017, letter is attached hereto as Exhibit 10.

55.     The Polizzi Family spoke with Tagaris regarding the False Advertising and Defendants' Logo.

56.     The Polizzi family also told Tagaris about the history of the two pizza shops and the Agreement between Rizzo and Polizzi.

57.     Tagaris stated that he was unaware of the two shops' history and the agreement between Rizzo and Polizzi.

58.     Tagaris further stated that the False Advertising and corresponding Defendants' Logo were based upon statements and information received from Rizzo and his family.

59.     Tagaris and the Polizzi Family agreed that Tagaris would speak with Rizzo regarding the shops' history and Rizzo's agreement with Polizzi, and that Tagaris would speak with the Polizzi Family soon thereafter to try to resolve any disputes.

60.     On or about June 6, 2017, Defendants responded by issuing their own cease and desist letter to Plaintiff, claiming that Plaintiff is infringing Defendants' rights. A true and correct copy of Defendants' June 6, 2017, letter is attached hereto as Exhibit 11.

61.     Defendants continue utilizing the False Advertising and Defendants' Logo. Defendants also created an Instagram Account in or about 2018 with the name @TonysOfBushwick, further adding to the confusion.

62.     Defendants' acts have now started to confuse the consuming public to believe the False Advertising. A true and correct copy from certain of Defendants' social media page is attached hereto as Exhibit 12.

63.     Knickerbocker also filed, and is the owner of, United States Trademark Application Serial No. 87/778,240, for Defendants' Logo ("Defendants' Application"). A true and correct copy of the United States Patent and Trademark Office's Trademark Status & Document Retrieval (TSDR) Report for Defendants' Application is attached hereto as Exhibit 13.

64.     Defendants' Application was filed on January 31, 2018.

65.     Defendants' Application was filed on an intent-to-use basis.

66.     Defendants' Application was published for opposition on June 26, 2018.

67.     Plaintiff timely filed and instituted an opposition proceeding against Defendants' Application at the Trademark Trial and Appeal Board.

68.     The foregoing acts of Defendants have caused, and will continue to cause, harm to Plaintiff.

**COUNT 1**
**REFUSAL OF REGISTRATION**
**PRIORITY AND LIKELIHOOD OF CONFUSION – LANHAM ACT § 2(d)**
(As to Knickerbocker Only)

69.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

70.     Plaintiff is the owner of Plaintiff's Trade Names.

71.     Plaintiff's Trade Names are valid and subsisting.

72.     Plaintiff has commenced use of Plaintiff's Trade Names prior to Defendants' use of Defendants' Infringing Logo.

73.     Plaintiff has commenced use of Plaintiff's Trade Names prior to Knickerbocker's filing of Defendants' Application.

74.     Plaintiff's Trade Names and the Defendants' Infringing Logo are substantially similar.

75.     Plaintiff's Trade Names and the Defendants' Infringing Logo are similar in sight.

76.     Plaintiff's Trade Names and the Defendants' Infringing Logo are similar in sound.

77.     Plaintiff's Trade Names and the Defendants' Infringing Logo are similar in connotation.

78.     Plaintiff's Trade Names and the Defendants' Infringing Logo are confusingly similar.

79.     Plaintiff's goods and services sold on and/or in connection with Plaintiff's Trade Names are identical to Knickerbocker's goods and services sold on and/or in connection with Defendants' Infringing Logo.

80.     Plaintiff's and Knickerbocker's respective goods and services are of a type sold through the same channels of trade and to the same class(es) of customers, and such goods would reasonably be expected by the trade and purchasing public to emanate from, or be sponsored by, the same source.

81.     Defendants' Infringing Logo creates an overall commercial impression and connotation that is confusingly similar to that created by Plaintiff's Trade Names.

82.     Because of the substantial similarity between Plaintiff's Trade Names and Defendants' Infringing Logo, continued use and registration of Defendants' Infringing Logo by Knickerbocker on identical and/or closely related goods is likely to cause confusion, deception, and mistake as to the origin of Plaintiff's goods and services, and to confuse, mislead and deceive members of the public into believing that Knickerbocker's goods originate from and/or are sponsored, approved or licensed by Plaintiff, or are in some other way connected with Plaintiff; or that Knickerbocker is in some way connected and/or affiliated  with and/or sponsored by Plaintiff.

83.     Because Defendants' Infringing Logo is confusingly similar to Plaintiff's Trade Names, any faults or imperfections in Knickerbocker's goods bearing Defendants' Infringing Logo will reflect adversely on Plaintiff's Trade Names, Plaintiff, and Plaintiff's established goodwill and reputation, all to the detriment of Plaintiff.

84.     Because Defendants' Application for Defendants' Infringing Logo is currently pending, and in the event Defendants' Application matures to registration, Knickerbocker would

obtain at least *a prima facie* exclusive right to use Defendants' Infringing Logo, and such right is a source of damage and injury to Plaintiff.

85.    For the foregoing reasons, Defendants' Application should be refused registration pursuant to 15 U.S.C. §§ 1052(d) because Plaintiff's Trade Names have priority over Defendants' Infringing Logo and there is a likelihood of confusion between Plaintiff's Trade Names and Defendants' Infringing Logo.

**COUNT 2**
**REFUSAL OF REGISTRATION**
**DECEPTION / DECEPTIVE TRADEMARK – LANHAM ACT § 2(a)**
(As to Knickerbocker Only)

86.    Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

87.    Defendants, through its predecessors in interest, commenced using the name "Tony's" at the 336 Shop after Plaintiff, through its predecessors in interest, made use of "Tony's" at the 443 Shop.

88.    Defendants' pizza shop, located at the 336 Shop, was established by their predecessors in interest no earlier than 1977.

89.    Defendants' Infringing Logo consists of, and makes the claims that Defendants' and the 336 Shop's pizza business is "The Original Tony's Pizza" and was established in 1969. Both of Defendants' false claims (the False Advertising) are untrue and inaccurate.

90.    Due to the falseness and inaccuracy of Defendants' False Advertising within Defendants' Infringing Logo, Defendants' Infringing Logo is deceptive.

91.    Defendants' Infringing Logo causes deception as to the character and quality of the goods/services provided on and/or in connection with Defendants' Infringing Logo, in that Defendants' Infringing Logo conveys the false message that Defendants' goods/services are

being provided by the original Tony's pizza and/or an establishment that has been in business since 1969.

92.     The prospective purchasers of Defendants' goods/services provided on and/or in connection with Defendants' Infringing Logo are likely to believe that they are in fact purchasing goods/services from the original Tony's pizza and/or an establishment that has been in business since 1969.

93.     Defendants' Infringing Logo, containing the False Advertising, is likely to affect, and has affected, the public's decision to purchase goods/services from Defendants by relying upon Defendants' False Advertising.

94.     Because Defendants' Application for Defendants' Infringing Logo is currently pending, and in the event Defendants' Application matures to registration, Knickerbocker would obtain at least *a prima facie* exclusive right to use Defendants' Infringing Logo, and such right is a source of damage and injury to Plaintiff.

95.     For the foregoing reasons, Defendants' Application should be refused registration pursuant to 15 U.S.C. §§ 1052(a) because Defendants' Infringing Logo is deceptive.

**COUNT 3**
**REFUSAL OF REGISTRATION**
**FALSE CONNECTION WITH INSTITUTION – LANHAM ACT § 2(a)**
(As to Knickerbocker Only)

96.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

97.     Plaintiff's Trade Names are Plaintiff's house marks, trade name, and the identity of Plaintiff.

98.     Plaintiff's Trade Names are famous throughout the New York, New York City, and New Jersey areas due to mass unsolicited media coverage, over 40+ years of a long standing tradition of excellence in providing pizza and related foods, and are the greatest identifiers of Plaintiff.

99.     Defendants' Infringing Mark is a close approximation of Plaintiff's Trademark in that both marks utilize the terms "TONY'S" and/or "PIZZA."

100.    Due to the close approximation of Defendants' Infringing Mark to Plaintiff's Trade Names and the fame of Plaintiff's Trade Names, Defendants' Infringing Mark would be recognized by consumers as uniquely and unmistakably pointing to and/or identifying, and/or having a connection, with Plaintiff and Plaintiff's Trade Names.

101.    The appearance of a connection between Defendants' Infringing Mark and Plaintiff and Plaintiff's Trade Names would be damaging to Plaintiff because there is no such connection between Defendant, Defendants' Infringing Mark, and/or Defendants' goods/services on the one hand and Plaintiff, Plaintiff's Trade Name, and/or Plaintiff's goods/services on the other hand.

102.    Because Defendants' Application for Defendants' Infringing Logo is currently pending, and in the event Defendants' Application matures to registration, Knickerbocker would obtain at least *a prima facie* exclusive right to use Defendants' Infringing Logo, and such right is a source of damage and injury to Plaintiff.

103.    For the foregoing reasons, Defendants' Application should be refused registration pursuant to 15 U.S.C. §§ 1052(a) because Defendants' Infringing Logo creates a false suggestion of connection with Plaintiff.

## COUNT 4
## BREACH OF CONTRACT
(As to All Defendants)

104.    Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

105.    In or around mid-1977, Rizzo and Polizzi entered into a valid, enforceable agreement that Rizzo would operate the 366 Shop under the name "Tony & Orazio" and create and use signage to that effect.

106.    Upon information and belief, Defendants purchased and/or obtained all the rights, titles, ownership, and liabilities from Rizzo when Defendants' purchased and/or obtained the pizza business located at the 336 Shop.

107.    Defendants' are Rizzo's successors in interest.

108.    Defendants, through the agreement made by its predecessor in interest Rizzo, are under the same obligation to not use, at the 336 Shop, the name "Tony" alone and/or only to use the name "Tony" in connection with "Orazio," such as "Tony & Orazio."

109.    Plaintiff is Polizzi's successor in interest.

110.    Plaintiff has the right to enforce the agreement entered into and made by Rizzo and Polizzi.

111.    In or about April 2017, Defendants commenced with its False Advertising and started to identify the 336 Shop as "Tony's."

112.    The foregoing acts of Defendants are a breach of the agreement between Rizzo and Polizzi.

113.    Plaintiff is harmed by Defendants' breach of the agreement. Plaintiff is suffering harm to its reputation and good will. Plaintiff has suffered a loss in plaintiff's sales and Defendants have improperly earned profits arising from the breach of the Agreement.

**COUNT 5**
**FEDERAL FALSE ADVERTISING – LANHAM ACT § 43(a)**
(As to All Defendants)

114.    Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

115.    Defendants are utilizing and disseminating the False Advertising in connection with the provision of Defendants' goods/services.

116.    Defendants are also using Defendants' Infringing Logo, which contains the False Advertising, to promote and provide Defendants' goods/services.

117.    Defendants are not the first and/or original Tony's pizza, nor are they the successors in interest to the first and/or original Tony's Pizza.

118.    Defendants' pizza business, located at the 336 Shop, was not established in 1969.

119.    Defendants' False Advertising is untrue, inaccurate, and misrepresents the nature, characteristics, qualities, and origins of Defendants' goods/services.

120.    Defendants foregoing acts constitute false advertising and are in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

121.    The acts of Defendants have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused and will continue to cause Plaintiff to suffer monetary damage in an amount thus far not determined.

122.    Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

123.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's  monetary damages caused by Defendants' wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT 6**
**NEW YORK STATE FALSE ADVERTISING – NY GBL § 350**
(As to All Defendants)

124.    Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

125.    Defendants are utilizing and disseminating the False Advertising in connection with the provision of Defendants' goods/services.

126.    Defendants are also using Defendants' Infringing Logo, which contains the False Advertising, to promote and provide Defendants' goods/services.

127.    Defendants are not the first and/or original Tony's pizza, nor are they the successors in interest to the first and/or original Tony's Pizza.

128.    Defendants' pizza business, located at the 336 Shop, was not established in 1969.

129.    Defendants' False Advertising is untrue, inaccurate, and misrepresents the nature, characteristics, qualities, and origins of Defendants' goods/services.

130.     Defendants foregoing acts constitute false advertising and are in violation of New York General Business Law § 350.

131.     The acts of Defendants have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused and will continue to cause Plaintiff to suffer monetary damage in an amount thus far not determined.

132.     Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

133.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's  monetary damages caused by Defendants' wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT 7**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
**FALSE DESCRIPTION, AND UNFAIR COMPETITION – LANHAM ACT § 43(a))**
(As to All Defendants)

134.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

135.     Plaintiff is the owner of Plaintiff's Trade Names.

136.     Plaintiff's Trade Names are valid and subsisting.

137.     Plaintiff's Trade Names are strong trademarks, based on both their inherent and commercial strength.

138.     Plaintiff's Trade Names have acquired distinctiveness and a secondary meaning through their long and continuous use and their unsolicited fame.

139.     Defendants' use of Defendants' Infringing Logo, TONY'S OF BUSHWICK, and the use of the name "TONY'S" alone not in connection with "Orazio" (Defendants' Infringing Marks") on and/or in connection with the offering for sale and sale of Defendants' goods/services creates a likelihood of confusion with Plaintiff, Plaintiff's Trade Names, and with Plaintiff's offering for sale and sale of Plaintiff's goods/services.

140.     Defendants' Infringing Marks are confusingly similar to Plaintiff's Trade Names in sight, sound, and connotation.

141.     Plaintiff's goods/services provided under Plaintiff's Trade Names are identical to Defendants' goods/services that are provided under Defendants' Infringing Marks.

142.     Plaintiff's goods/services are sold, distributed, furnished and/or advertised to the same classes of purchasers as Defendants' goods/services.

143.     Upon information and belief, Defendants were aware of Plaintiffs and of Plaintiffs' use of Plaintiff's Trade Names prior to the time Defendants selected and commenced using Defendants' Infringing Marks.

144.     Upon information and belief, based upon, without limitation, the similarity between Plaintiff's Trade Names and Defendants' Infringing Marks and the identicalness of the parties' respective goods, Defendants conduct constitutes willful trademark infringement.

145.     Upon information and belief, based upon, without limitation, the similarity between Plaintiff's Trade Names and Defendants' Infringing Marks and the identicalness of the parties' respective goods, Defendants adopted and use Defendants' Infringing Marks with the

intent of causing confusion among consumers and with the purpose of benefitting from Plaintiff's reputation and goodwill.

146. The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or Defendants' Infringing Marks are affiliated with, sponsored, and/or controlled by Plaintiff. As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiff's favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

147. The acts of Defendants constitute infringement of Plaintiff's Trade Names, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or Defendants' Infringing Marks are in some manner affiliated with, originate from, and/or are sponsored by Plaintiff, and by misrepresenting the nature and/or origin of Defendants' goods/services, are all in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

148. The acts of Defendants have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused and will continue to cause Plaintiff to suffer monetary damage in an amount thus far not determined.

149. Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

150. Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's  monetary damages caused by Defendants' wrongful conduct, Plaintiff is

informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT 8**
**NEW YORK COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**
(As to All Defendants)

151.    Plaintiff repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

152.    Plaintiff is the owner of Plaintiff's Trade Names.

153.    Plaintiff's Trade Names are valid and subsisting.

154.    Plaintiff's Trade Names are strong trademarks, based on both their inherent and commercial strength.

155.    Plaintiff's Trade Names have acquired distinctiveness and a secondary meaning through their long and continuous use and their unsolicited fame.

156.    Defendants' use of Defendants' Infringing Marks on and/or in connection with the offering for sale and sale of Defendants' goods/services creates a likelihood of confusion with Plaintiff, Plaintiff's Trade Names, and with Plaintiff's offering for sale and sale of Plaintiff's goods/services.

157.    Defendants' Infringing Marks are confusingly similar to Plaintiff's Trade Names in sight, sound, and connotation.

158.    Plaintiff's goods/services provided under Plaintiff's Trade Names are identical to Defendants' goods/services that are provided under Defendants' Infringing Marks.

159.     Plaintiff's goods/services are sold, distributed, furnished and/or advertised to the same classes of purchasers as Defendants' goods/services.

160.     Upon information and belief, Defendants were aware of Plaintiffs and of Plaintiffs' use of Plaintiff's Trade Names prior to the time Defendants selected and commenced using Defendants' Infringing Marks.

161.     Upon information and belief, based upon, without limitation, the similarity between Plaintiff's Trade Names and Defendants' Infringing Marks and the identicalness of the parties' respective goods, Defendants conduct constitutes willful trademark infringement.

162.     Upon information and belief, based upon, without limitation, the similarity between Plaintiff's Trade Names and Defendants' Infringing Marks and the identicalness of the parties' respective goods, Defendants adopted and use Defendants' Infringing Marks with the intent of causing confusion among consumers and with the purpose of benefitting from Plaintiff's reputation and goodwill.

163.     The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or Defendants' Infringing Marks are affiliated with, sponsored, and/or controlled by Plaintiff. As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Plaintiff's favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

164.     The foregoing acts of Defendants have created a likelihood of confusion.

165.    The foregoing acts of Defendants, including Defendants' use of Defendants' Infringing Marks, constitute trademark infringement in violation of the common law of the State of New York.

166.    The foregoing acts of Defendants, including Defendants' use of Defendants' Infringing Marks, constitute unfair competition in violation of the common law of the State of New York.

167.    The foregoing acts of Defendants have injured and will continue to injure Plaintiff, by depriving Plaintiff of sales of its genuine goods/services, by injuring Plaintiff's business reputation, and by passing off Defendants' goods/services as those of Plaintiff's, all in violation of the common law of the State of New York.

168.    Defendants' foregoing acts has caused irreparable harm and damage to Plaintiff and has caused Plaintiff monetary damage in an amount thus far not determined, for which Plaintiff is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

169.    Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

170.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's  monetary damages caused by Defendants' wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT 9**
**NEW YORK DECEPTIVE ACTS AND PRACTICES – NY GBL § 349**
(As to All Defendants)

171.     Plaintiff repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

172.     Defendants' goods/services are offered for sale and sold to the general consuming public.

173.     Defendants have utilized, promoted, and disseminated the False Advertising and Defendants' Infringing Logo in connection with the offering for sale and sale of Defendants' goods/services, and Defendants continue such practices.

174.     Defendants' Infringing Logo and False Advertising are directed toward the general consuming public so that Defendants can increase the sale of Defendants' goods/services that are offered on and/or in connection with Defendants' Infringing Logo and False Advertising.

175.     The False Advertising and Defendants' Infringing Logo both make materially false statements, in that Defendants are not the original Tony's pizza nor was Defendants' pizza business located at the 336 Shop established in 1969. Such misleading and false statements have caused the general consuming public to purchase Defendants' goods/services in the belief that such statements are true and correct.

176.     The foregoing acts of Defendants constitute a violation of NY GBL § 349.

177.     The acts of Defendants have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused and will continue to cause Plaintiff to suffer monetary damage in an amount thus far not determined.

178.     Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

179.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's  monetary damages caused by Defendants' wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT 10
## NEW YORK INJURY TO BUSINESS REPUTATION – NY GBL § 360-l
(As to All Defendants)

180.     Plaintiff repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

181.     Defendants are utilizing and disseminating the False Advertising in connection with the provision of Defendants' goods/services.

182.     Defendants are also using Defendants' Infringing Logo, which contains the False Advertising, to promote and provide Defendants' goods/services.

183.     Defendants are not the first and/or original Tony's pizza, nor are they the successors in interest to the first and/or original Tony's Pizza.

184.     Defendants' pizza business, located at the 336 Shop, was not established in 1969.

185.     Defendants' False Advertising is untrue, inaccurate, and misrepresents the nature, characteristics, qualities, and origins of Defendants' goods/services.

186.    The foregoing acts of Defendants have harmed the business, reputation, and Trade Names of Plaintiff, in that the general consuming public believes that Plaintiff is no longer the original/first Tony's in Bushwick, which is an esteemed, and beneficial, title to hold.

187.    Defendants foregoing acts constitute false advertising and are in violation of New York General Business Law § 360-l.

188.    The acts of Defendants have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused and will continue to cause Plaintiff to suffer monetary damage in an amount thus far not determined.

189.    Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    That Knickerbocker's Application be refused registration pursuant to Lanham Act §§ 2(a) & (d), 15 U.S.C. §§ 1052(a) & (d).

B.    That the agreement between Rizzo and Polizzi is valid and enforceable, that Defendants' are successors in interest to Rizzo, and that Defendants' conduct breached the agreement between Rizzo and Polizzi.

C.    That Defendants' use and dissemination of the Defendants' False Advertising is in violation of federal false advertising law, Lanham Act § 43(a), 15 U.S.C. § 1125(a).

D.    That Defendants' use and dissemination of the Defendants' False Advertising is in violation of New York State false advertising law, New York Gen. Bus. Law § 350.

E.      That Defendants' conduct serves to infringe Plaintiff's Trade Names, falsely designates the origin of Defendants' goods/services, falsely describes such goods/services, and unfairly competes with Plaintiff, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

F.      That Defendants' conduct constitutes trade mark infringement and unfair competition under the common law of the State of New York.

G.      That Defendants' conduct violates the provisions of New York Gen. Bus. Law § 349 and 360-l, and constitutes willful and deceptive acts and practices and injury to Plaintiff's business reputation.

H.      That Defendants' and its agents, officers, directors, servants, employees, attorneys, their successors, heirs, and assigns, and all others in active concert or participation with Defendants' be preliminarily and permanently enjoined from directly or indirectly:

    i.      Using Plaintiff's Trade Names, Defendants' Infringing Logo, and any other trade mark that is confusingly similar to Plaintiff's Trade Names (other than "Tony & Orazio");

    ii.     Using, promoting, making, and disseminating the False Advertising, and any other claims that Defendants are the first or original Tony's and that the pizza business located at the 336 Shop was established prior to 1977;

    iii.    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description, and/or false representation of Defendants' goods and services;

    iv.     Otherwise unfairly competing with Plaintiff or committing infringement and/or injury to/of Plaintiff's rights.

I.      That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

J.      That the Court award judgment in favor of Plaintiff for the damages sustained by Plaintiff and the profits made by Defendants as a result of Defendants' wrongful conduct.

K.      That the Court award judgment in favor of Plaintiff in an amount needed to sufficiently conduct a reverse advertising campaign to alleviate the damage to Plaintiff.

L.      That the Court award judgment in favor of Plaintiff in the amount of treble damages.

M.      That the Court award judgment against Defendant for the full costs of this action, including Plaintiff's reasonable attorneys' fees.

N.      That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

O.      That the Court require a full and complete accounting of all monies received by Defendants as a result of the sales under Defendants' Infringing Logo and in connection with the False Advertising.

P.      For interest on all amounts found to be due to Plaintiff from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

Q.      That the Court requires Defendants to notify Defendants' commercial associates, suppliers, and customers of said Order.

R.      That the Court orders such other, further and different relief as the nature of this action may require and that the Court may deem just and proper.

S.      That the Court retain jurisdiction of this action for the purpose of enabling

Plaintiff to apply to the Court, at any time, for such further orders and directions as may be

necessary or appropriate for the interpretation or execution of any order entered in this action, for

the modification of any such order, for the enforcement or compliance therewith and for the

punishment of any violations thereof.

## Jury Trial

Plaintiffs request that the matters set forth herein be tried by a jury.

Dated: Scarsdale, New York                       Respectfully submitted,
        December 17, 2018
                                                 **LACKENBACH SIEGEL LLP**

                                          By: */s/ Robert B. Golden*_____
                                                 Robert B. Golden (RG 6157)
                                                 One Chase Road
                                                 Scarsdale, New York 10583
                                                 (914) 723-4300
                                                 (914) 723-4301 (fax)
                                                 RGolden@LSLLP.com
                                                 *Attorneys for Plaintiff*