UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

SBP RESTAURANT CORP., d/b/a
TONY'S PIZZERIA & RESTAURANT,

                                        Plaintiff,     **SECOND AMENDED**
                                                       **ANSWER AND**
                                                       **COUNTERCLAIMS**

            -against-
                                                       Case #18-CV-7176(ILG)(RM)

KNICKERBOCKER PIZZA, LLC d/b/a
TONY'S PIZZA,

                                        Defendant.
----------------------------------------------------------------------X

        Defendant Knickerbocker Pizza, LLC d/b/a Tony Pizza (hereinafter "Defendant"), by and

through their counsel, Moulinos & Associates LLC, respectfully answers Plaintiff's Complaint

(hereinafter "Complaint") as follows:

## NATURE OF ACTION

    1.      Defendant denies the allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

    2.      Defendant admits the allegations set forth in paragraph 2 of the Complaint.

    3.      Defendant denies the allegations set forth in paragraph 3 of the Complaint.

    4.      Defendant admits the allegations set forth in paragraph 4 of the Complaint.

    5.      Defendant admits the allegations set forth in paragraph 5 of the Complaint, only to

the extent Defendant contracts to supply goods and/or services, and/or transacts business in this

State and within this judicial district. Defendant denies the rest of the allegations set forth in

paragraph 5 of the Complaint.

    6.      Defendant admits the allegations set forth in paragraph 6 of the Complaint.

    7.      Defendant admits the allegations set forth in paragraph 7 of the Complaint.

**THE PARTIES**

8.      Defendant has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Defendant admits the allegations set forth in paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations set forth in paragraph 14 of the Complaint, except admits the 443 Shop was known as "Tony's Pizzeria."

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint, except admits the 443 Shop was known as "Tony's Pizzeria."

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, except admits Rizzo opened a Tony's Pizza establishment at 336 Knickerbocker Ave, Brooklyn, New York 11237.

25.     Defendant admits the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant admits the allegations set forth in paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Defendant admits the allegations set forth in paragraph 29 of the Complaint, only to the extent Rizzo placed a neon sign in the window of the "336 Shop" showing that the restaurant was also known as "Tony & Orazio Pizza." Defendant denies the rest of the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Defendant has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Defendant has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Defendant has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Defendant has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint, except admits Plaintiff is the owner of the 443 Shop and operates under the trade name "Tony's Pizzeria & Restaurant."

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     Defendant admits the allegations set forth in paragraph 44 of the Complaint, except denies the 336 Shop was known solely as the "Tony & Orazio" pizza shop.

45.     Defendant admits the allegations set forth in paragraph 45 of the Complaint, except denies the 336 Shop was known solely as the "Tony & Orazio" pizza shop.

46.     Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     Defendant has insufficient information to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Defendant admits the allegations set forth in paragraph 51 of the Complaint.

52.     Defendant admits the allegations set forth in paragraph 52 of the Complaint, except denies engaging in any false advertising.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant admits the allegations set forth in paragraph 57 of the Complaint.

58. Defendant admits the allegations set forth in paragraph 58 of the Complaint, except denies engaging in any false advertising.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Defendant admits the allegations set forth in paragraph 60 of the Complaint.

61. Defendant admits the allegations set forth in paragraph 61 of the Complaint.

62. Defendant admits the allegations set forth in paragraph 62 of the Complaint.

63. Defendant admits the allegations set forth in paragraph 63 of the Complaint.

64. Defendant admits the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

## COUNT 1
## PRIORITY AND LIKELIHOOD OF CONFUSION – LANHAM ACT §2(d)

66. Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

67. Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74.     Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75.     Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76.     Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77.     Defendant admits the allegations set forth in paragraph 77 of the Complaint

78.     Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79.     Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80.     Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81.     Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82.     Defendant denies the allegations set forth in paragraph 82 of the Complaint.

<u>COUNT 2</u>
**<u>DECEPTION/DECEPTIVE TRADEMARK – LANHAM ACT §2(a)</u>**

83.     Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

84.     Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85.     Defendant denies the allegations set forth in paragraph 85 of the Complaint.

86.     Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87.     Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88.     Defendant denies the allegations set forth in paragraph 88 of the Complaint.

89.     Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90.     Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91.     Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92.     Defendant denies the allegations set forth in paragraph 92 of the Complaint.

**COUNT 3**
**FALSE CONNECTION WITH INSTITUTION – LANHAM ACT §2(a)**

93.     Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

94.     Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95.     Defendant denies the allegations set forth in paragraph 95 of the Complaint.

96.     Defendant denies the allegations set forth in paragraph 96 of the Complaint.

97.     Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98.     Defendant denies the allegations set forth in paragraph 98 of the Complaint.

99.     Defendant denies the allegations set forth in paragraph 99 of the Complaint.

100.     Defendant denies the allegations set forth in paragraph 100 of the Complaint.

**COUNT 4**
**BREACH OF CONTRACT**

101.     Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

102.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.     Defendant denies the allegations set forth in paragraph 105 of the Complaint.

106.     Defendant denies the allegations set forth in paragraph 106 of the Complaint.

107.     Defendant denies the allegations set forth in paragraph 107 of the Complaint.

108. Defendant denies the allegations set forth in paragraph 108 of the Complaint.

109. Defendant denies the allegations set forth in paragraph 109 of the Complaint.

110. Defendant denies the allegations set forth in paragraph 110 of the Complaint.

## COUNT 5
## FEDERAL FALSE ADVERTISING – LANHAM ACT §43(a)

111. Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

112. Defendant denies the allegations set forth in paragraph 112 of the Complaint.

113. Defendant denies the allegations set forth in paragraph 113 of the Complaint.

114. Defendant denies the allegations set forth in paragraph 114 of the Complaint.

115. Defendant denies the allegations set forth in paragraph 115 of the Complaint.

116. Defendant denies the allegations set forth in paragraph 116 of the Complaint.

117. Defendant denies the allegations set forth in paragraph 117 of the Complaint.

118. Defendant denies the allegations set forth in paragraph 118 of the Complaint.

119. Defendant denies the allegations set forth in paragraph 119 of the Complaint.

120. Defendant denies the allegations set forth in paragraph 120 of the Complaint.

## COUNT 6
## NEW YORK STATE FALSE ADVERTISING – N.Y. G.B.L. §350

121. Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

122. Defendant denies the allegations set forth in paragraph 122 of the Complaint.

123. Defendant denies the allegations set forth in paragraph 123 of the Complaint.

124. Defendant denies the allegations set forth in paragraph 124 of the Complaint.

125. Defendant denies the allegations set forth in paragraph 125 of the Complaint.

126.    Defendant denies the allegations set forth in paragraph 126 of the Complaint.

127.    Defendant denies the allegations set forth in paragraph 127 of the Complaint.

128.    Defendant denies the allegations set forth in paragraph 128 of the Complaint.

129.    Defendant denies the allegations set forth in paragraph 129 of the Complaint.

130.    Defendant denies the allegations set forth in paragraph 130 of the Complaint.

<u>COUNT 7</u>
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
<u>**FALSE DESCRIPTION AND UNFAIR COMPETITION – LANHAM ACT §43(a)**</u>

131.    Defendant incorporates its responses to each and every allegation contained in the

prior paragraphs with the same force and effect as if fully set forth herein.

132.    Defendant denies the allegations set forth in paragraph 132 of the Complaint.

133.    Defendant denies the allegations set forth in paragraph 133 of the Complaint.

134.    Defendant denies the allegations set forth in paragraph 134 of the Complaint.

135.    Defendant denies the allegations set forth in paragraph 135 of the Complaint.

136.    Defendant denies the allegations set forth in paragraph 136 of the Complaint.

137.    Defendant denies the allegations set forth in paragraph 137 of the Complaint.

138.    Defendant denies the allegations set forth in paragraph 138 of the Complaint.

139.    Defendant denies the allegations set forth in paragraph 139 of the Complaint.

140.    Defendant denies the allegations set forth in paragraph 140 of the Complaint.

141.    Defendant denies the allegations set forth in paragraph 141 of the Complaint.

142.    Defendant denies the allegations set forth in paragraph 142 of the Complaint.

143.    Defendant denies the allegations set forth in paragraph 143 of the Complaint.

144.    Defendant denies the allegations set forth in paragraph 144 of the Complaint.

145.    Defendant denies the allegations set forth in paragraph 145 of the Complaint.

146.     Defendant denies the allegations set forth in paragraph 146 of the Complaint.

147.     Defendant denies the allegations set forth in paragraph 147 of the Complaint.

## COUNT 8
## NEW YORK COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

148.     Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

149.     Defendant denies the allegations set forth in paragraph 149 of the Complaint.

150.     Defendant denies the allegations set forth in paragraph 150 of the Complaint.

151.     Defendant denies the allegations set forth in paragraph 151 of the Complaint.

152.     Defendant denies the allegations set forth in paragraph 152 of the Complaint.

153.     Defendant denies the allegations set forth in paragraph 153 of the Complaint.

154.     Defendant denies the allegations set forth in paragraph 154 of the Complaint.

155.     Defendant denies the allegations set forth in paragraph 155 of the Complaint.

156.     Defendant denies the allegations set forth in paragraph 156 of the Complaint.

157.     Defendant denies the allegations set forth in paragraph 157 of the Complaint.

158.     Defendant denies the allegations set forth in paragraph 158 of the Complaint.

159.     Defendant denies the allegations set forth in paragraph 159 of the Complaint.

160.     Defendant denies the allegations set forth in paragraph 160 of the Complaint.

161.     Defendant denies the allegations set forth in paragraph 161 of the Complaint.

162.     Defendant denies the allegations set forth in paragraph 162 of the Complaint.

163.     Defendant denies the allegations set forth in paragraph 163 of the Complaint.

164.     Defendant denies the allegations set forth in paragraph 164 of the Complaint.

165.     Defendant denies the allegations set forth in paragraph 165 of the Complaint.

166.     Defendant denies the allegations set forth in paragraph 166 of the Complaint.

167.     Defendant denies the allegations set forth in paragraph 167 of the Complaint.

## COUNT 9
## NEW YORK DECEPTIVE ACTS AND PRACTICES – N.Y. G.B.L. §349

168.     Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

169.     Defendant denies the allegations set forth in paragraph 169 of the Complaint.

170.     Defendant denies the allegations set forth in paragraph 170 of the Complaint.

171.     Defendant denies the allegations set forth in paragraph 171 of the Complaint.

172.     Defendant denies the allegations set forth in paragraph 172 of the Complaint.

173.     Defendant denies the allegations set forth in paragraph 173 of the Complaint.

174.     Defendant denies the allegations set forth in paragraph 174 of the Complaint.

175.     Defendant denies the allegations set forth in paragraph 175 of the Complaint.

176.     Defendant denies the allegations set forth in paragraph 176 of the Complaint.

## COUNT 10
## NEW YORK INJURY TO BUSINESS REPUTATION – N.Y. G.B.L. §360-1

177.     Defendant incorporates its responses to each and every allegation contained in the prior paragraphs with the same force and effect as if fully set forth herein.

178.     Defendant denies the allegations set forth in paragraph 178 of the Complaint.

179.     Defendant denies the allegations set forth in paragraph 179 of the Complaint.

180.     Defendant denies the allegations set forth in paragraph 180 of the Complaint.

181.     Defendant denies the allegations set forth in paragraph 181 of the Complaint.

182.     Defendant denies the allegations set forth in paragraph 182 of the Complaint.

183.     Defendant denies the allegations set forth in paragraph 183 of the Complaint.

184.     Defendant denies the allegations set forth in paragraph 184 of the Complaint.

185.   Defendant denies the allegations set forth in paragraph 185 of the Complaint.

186.   Defendant denies the allegations set forth in paragraph 186 of the Complaint.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Defendant denies it is liable to Plaintiff on any of the claims alleged and denies Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest, or to any relief whatsoever, and states as follows:

## FIRST AFFIRMATIVE DEFENSE

187.   The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

188.   The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## THIRD AFFIRMATIVE DEFENSE

189.   The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

## FOURTH AFFIRMATIVE DEFENSE

190.   The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

## FIFTH AFFIRMATIVE DEFENSE

191.   The claims made in the Complaint are barred, in whole or in part, since any infringement, if any, was innocent.

## SIXTH AFFIRMATIVE DEFENSE

192.     Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

## SEVENTH AFFIRMATIVE DEFENSE

193.     The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of Plaintiff's marks at issue lack secondary meaning.

## EIGHTH AFFIRMATIVE DEFENSE

194.     Each of the purported claims set forth in this Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

## NINTH AFFIRMATIVE DEFENSE

195.     Defendant has not infringed any applicable trademarks under federal or state law.

## TENTH AFFIRMATIVE DEFENSE

196.     Without admitting the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

197.     Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELVTH AFFIRMATIVE DEFENSE

198.     The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## THIRTEENTH AFFIRMATIVE DEFENSE

199.     The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

### FOURTEENTH AFFIRMATIVE DEFENSE

200.     Without admitting that the Complaint states a claim, Plaintiff's remedies are limited to the extent the Complaint seeks an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### FIFTEENTH AFFIRMATIVE DEFENSE

201.     The claims in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

### SIXTEENTH AFFIRMATIVE DEFENSE

202.     The claims for attorney's fees, court costs, restitution, injunctive, and other equitable remedies and relief, including, but not limited to, liquidated and exemplary damages and back pay, restitution, and injunctive relief are not triable by a jury.

### SEVENTEENTH AFFIRMATIVE DEFENSE

203.     Plaintiff's claims are barred given Defendant rightfully acquired all the rights, titles and interests in the mark and logo "Tony's Pizza" from its predecessor in interest and has always acted in good faith in regard to the advertisement and marketing of its goods and services utilizing its marks, logos, and tradenames.

### EIGHTEENTH AFFIRMATIVE DEFENSE

204.     Plaintiff has no right to the use of the tradename, service mark or logo "Tony's Pizza" as it abandoned the use of such tradename, service mark or logo.

### ADDITIONAL DEFENSES

205.     Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## FACTS PERTAINING TO COUNTERCLAIMS AGAINST PLAINTIFF

## THE PARTIES

206.    Defendant-Counterclaimant Knickerbocker Pizza LLC ("Knickerbocker") is a limited liability company organized under the laws of the State of New York and operates its principal place of business at 336 Knickerbocker Avenue, Brooklyn, New York ("the 336 location"). Knickerbocker operates a pizzeria named "Tony's Pizza" at the 336 location which was opened and established by Knickerbocker's predecessor in interest, Antonino Rizzo, in or about 1977.

207.    SBP Restaurant Corp., ("SBP") is, upon information and belief, a corporation organized under the laws of the State of New York and operates its principal place of business at 443 Knickerbocker Avenue, Brooklyn, New York ("the 443 location"). SBP operates a pizzeria and restaurant named "Tony's Pizzeria & Restaurant" at the 443 location which was also opened and established by Mr. Rizzo as SBP's predecessor in interest in or about 1974.

208.    Non-party Antonio Rizzo, also known as Tony Rizzo, is a pizza maker who, in or about 1969, developed his own original pizza sauces and recipes which he took great pride in marketing to the general public as his own special and original creations.

## JURISDICTION AND VENUE

209.    This Court has jurisdiction over the subject matter of Knickerbocker's counterclaims pursuant to 15 U.S.C. §1121.

210.    This Court is the proper venue for the determination of Knickerbocker's counterclaims pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to the counterclaims occurred in this judicial district.

## FACTUAL ALLEGATIONS RELATING TO THE COUNTERCLAIMS

211.     In or about 1974, Mr. Rizzo opened and founded a pizzeria which he named "Tony's Pizzeria" at the 443 location.

212.     In or about 1977, after operating the "Tony's Pizzeria" restaurant for approximately three (3) years, Mr. Rizzo decided the location was no longer suitable for him to operate his pizza business. He then decided to sell his pizza business at the 443 location to Pietro Polizzi.

213.     Upon information and belief, as a condition to his agreement to sell the "Tony's Pizzeria" business at the 443 location to Pietro Polizzi, Mr. Rizzo and Mr. Polizzi agreed that Mr. Rizzo would open a new pizzeria named "Tony's Pizza" in the same neighborhood and that Mr. Polizzi would not utilize any of Mr. Rizzo's original pizza sauces and recipes at the 443 location. Upon information and belief, Mr. Polizzi stated to Mr. Rizzo that Mr. Polizzi would use his own pizza sauces and recipes at the 443 location and that he was not interested in using Mr. Rizzo's original sauces and recipes, which were created and used by Mr. Rizzo since 1969.

214.     Upon further information and belief, as part of Mr. Rizzo's sale of the 443 location to Mr. Polizzi, Mr. Rizzo did not convey, transfer, or sell the name "Tony's Pizza" to Mr. Polizzi, which Mr. Rizzo intended to use as the tradename for his new pizza business at the 336 location.

215.     After selling the 443 location, in or about 1977, Mr. Rizzo opened a new pizzeria under the trade name "Tony's Pizza" at the 336 location. Mr. Rizzo specifically decided to name the 336 location "Tony's Pizza" so that it would not create any confusion or be similar to the name of the 443 location.

216.     Mr. Rizzo sold pizza and related foods at the 336 location using his original sauces and recipes which he created in 1969 and for which he became known for by the general public. Mr. Rizzo also created a "Tony's Pizza" logo and mark ("the Mark") for his new business at the 336 location and he installed the Mark on the storefront signage, and inside, of the 336 location. The Mark has been, and still is, prominently displayed at the 336 location. The 336 location is approximately one-third of a mile from the 443 location. A copy of the Mark as it appears at the signage in front of the 336 location is attached as Exhibit A.

217.     The 336 location has always competed with the 443 location. However, what further differentiates the 443 location from the 336 location is that SBP serves and sells to the general public a long and extensive offering of meats, burgers, wraps, gyros, pasta dishes, pancakes, waffles, eggs, and omelets. Knickerbocker, on the other hand, focuses its menu to a much narrower choice of food which includes pizza and a select category of pasta dishes, hot plates, and rolls.

218.     In 1984, Mr. Rizzo transferred his ownership interest in the 336 location to a corporation named Tony & Orazio Pizza Inc. ("TOP"). The shareholders of TOP were Mr. Rizzo and, upon information and belief, his daughter, Lorenza Rizzo.

219.     Upon information and belief, for nearly forty (40) years, Mr. Rizzo operated the 336 location simultaneously with the existence of the 443 location without any incidents, claims, or disputes as to his use of the tradename "Tony's Pizza" or the Mark at the 336 location, except on a couple of occasions, members of the Polizzi family requested that Mr. Rizzo stop using the "Tony's Pizza" tradename at the 336 location. Upon further information and belief, Mr. Rizzo rejected such requests as ridiculous, since it was Mr. Rizzo who was known as Tony and that he had every right to use the name "Tony's Pizza" at the 336 location.

220. Upon information and belief, SBP never actually, or prominently, used the tradename "Tony's Pizza" or the Mark in the conduct or operation of its business until only recently. Instead, SBP utilized a totally different tradename, "Tony's Pizzeria and Restaurant" along with a different logo which depicted the image of a chef among the lettering "Tony's Pizzeria."

221. In or about February 2016, Mr. Rizzo decided to sell his pizza business at the 336 location to Knickerbocker. As part of his agreement to sell the pizza business at the 336 location, Mr. Rizzo agreed to transfer all the rights, titles, and interest to the tradename "Tony's Pizza," the Mark and all the rights, titles, and interest in Mr. Rizzo's original pizza sauces and recipes to Knickerbocker. Mr. Rizzo also agreed with Knickerbocker that it would continue to operate the 336 location in the same manner as Mr. Rizzo had operated it for nearly forty (40) years.

222. Pursuant to its agreement with Mr. Rizzo, Knickerbocker acquired all the rights, titles, and interest to use the Mark and the tradename "Tony's Pizza" at the 336 location, as well as all the rights, titles, and interest in the original pizza sauces and recipes, which Mr. Rizzo utilized as a pizza maker since 1969. Thereafter, Knickerbocker continued to operate the 336 location under the name "Tony's Pizza" and also utilized in the course of business the same original pizza sauces and recipes which Mr. Rizzo utilized as a pizza maker since 1969.

223. Based on the rights acquired by Knickerbocker from Mr. Rizzo, Knickerbocker maintains the full right to advertise and market to the general public that its products created pursuant to the original recipes and sauces created and used by Mr. Rizzo since 1969.

224. In or about the time Mr. Rizzo sold the 336 location to Knickerbocker, as well as the right to use the name "Tony's Pizza", SBP began a campaign of intimidation and harassment against Mr Rizzo and Knickerbocker in an effort to create customer confusion, to blur the

distinct identity of the two locations. SBP intentionally engaged in such a campaign and tactics with the ultimate goal of causing Knickerbocker to suffer economic harm and injury and to compel Knickerbocker to abandon the use of the name "Tony's Pizza" at the 336 location.

225.    As part of such a campaign, SBP began to engage in deceptive conduct, false advertising, and use of the Mark in the sale and marketing of goods and services at the 443 location. The logo used by SBP is identical to the Mark, which has appeared at the storefront of the 336 location since in or about 1977, and which was created by Mr. Rizzo and transferred to Knickerbocker. The Mark was used by SBP in its advertising via social media, such as Instagram, as well as on hats, t-shirts and apparel which it sold to the general public and which SBP inappropriately associated with the 443 location.

226.    Such campaigns, deceptive conduct and false advertising by SBP were undertaken to intentionally mislead the general public to believe that its products and goods were identical to that sold by Knickerbocker.

227.    Additionally, the use by SBP of the Mark was without any consent or authority of Knickerbocker or Mr. Rizzo and was intended by SBP to cause Knickerbocker to suffer economic harm, loss, customer confusion and the blurring of the 336 location's distinct identity which set it apart from the 443 location. Copies of the examples of the unauthorized use of the Mark by SBP are attached as Exhibit B.

228.    Further efforts by SBP to harass and intimidate Knickerbocker came in or about May 2017 when at least three (3) members of the Polizzi family, without invitation or prior notification, entered the 336 location and confronted Knickerbocker's owner, George Tagaris, and employed threatening language and intimidating tactics in order to strong arm Mr. Tagaris into abandoning the use of the "Tony's Pizza" tradename and the Mark at the 336 location. Mr.

Tagaris refused to succumb to the tactics and threats of the Polizzi family and refused to relinquish his rights to the use of the "Tony's Pizza" tradename and the Mark.

229.    On or about January 31, 2018, Knickerbocker filed a trademark application with the U.S. Patent and Trademark Office ("PTO") to register the mark "The Original Tony's Pizza Est. 1969" ("the Filed Mark") in International Class 30 and was assigned Serial No. 87/778,240. The Filed Mark incorporated the script "Tony's" as it appears in the Mark. On or about October 24, 2018, SBP filed with the PTO opposition to the registration of the Filed Mark on the basis that SBP would be damaged by the registration of the Mark with the PTO as the Mark is similar in sight and sound to SBP's purported trademarks and would create confusion to the general public. An opposition proceeding was therefore commenced with the PTO's Trademark Trial and Appeal Board ("TTAB") and assigned opposition no. 91244352 ("the Opposition Proceeding").

230.    After commencing the instant action, SBP, on December 18, 2018, filed a motion to suspend the Opposition Proceeding pending a final determination of this action, which was granted. The Opposition Proceeding is therefore suspended pending final disposition of the instant action.

## AS AND FOR A FIRST COUNTERCLAIM FOR
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE
## DESCRIPTIONS - LANHAM ACT §43(a)

231.    Knickerbocker repeats and realleges each and every allegation set forth in the prior paragraphs herein and the same are incorporated by reference and made a part hereof.

232.    Knickerbocker is the owner of the tradename "Tony's Pizza" and the Mark which Knickerbocker validly acquired from its predecessor in interest who is also the predecessor in interest of SBP.

233.    SBP has no right, title or ownership to the tradename "Tony's Pizza" or the Mark and has never used such tradename or Mark prior to its use by the parties' predecessor in interest.

234.    SBP has been aware of the existence of the Mark since in or about 1977 when it was installed and prominently displayed at the storefront signage of the 336 location and is further aware that the Mark is fully and properly associated with the 336 location and distinguishes the 336 location from the 443 location.

235.    The goods and services sold by both Knickerbocker and SBP are nearly identical to the extent their main focus is the sale of pizza to the general public, in the same neighborhood, to the same customers and through the same channels.

236.    By SBP's use of the Mark in its commercial advertising and promotions, SBP intends to confuse the general public and to create an impression to the general public that it is also the owner of the 336 location in order to benefit from the history, reputation, original sauces, recipes and quality of the goods and services sold by Knickerbocker at the 336 location.

237.    SBP's use of the tradename "Tony's Pizza" and the Mark is likely to cause blurring, confusion and mistake and thereby mislead and deceive the general public into believing the goods and services of SBP originate, emanate, are identical to, connected with and associated with those of Knickerbocker.

238.    Additionally, SBP's conduct will likely cause the general public to believe the goods and services sold by SBP are of the same original sauces, recipes and quality as those sold by Knickerbocker and that there is a connection and association between SBP and Knickerbocker as to the origin of the goods and services sold to the general public.

239.    Additionally, by utilizing the tradename "Tony's Pizza" and the Mark in its commercial advertising, promotions, website and social media, SBP has intentionally

misrepresented the nature, characteristics and qualities of its goods and services as being the same goods and services sold by Knickerbocker.

240.     All of the foregoing conduct by SBP constitutes a violation of 15 U.S.C. §§1125(a) and (b).

241.     Knickerbocker is entitled to recover damages against SBP in an amount to be determined at trial.

## AS AND FOR A SECOND COUNTERCLAIM FOR<br>NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

242.     Knickerbocker repeats and realleges each and every allegation set forth in the prior paragraphs herein and the same are incorporated by reference and made a part hereof.

243.     The Mark is a valid and legally protectable trademark which was duly created, utilized and owned by Knickerbocker's predecessor in interest, since in or about 1977, prior to any use by SBP and its predecessor in interest and specifically acquired by, sold and transferred to Knickerbocker by Mr. Rizzo and TOP.

244.     Knickerbocker is the rightful owner of the Mark.

245.     SBP has infringed upon the Mark and has acted intentionally and knowingly in using the Mark as part of SBP's promotion, advertising and business for the purpose of causing blurring, confusion and mistake in the general public and to mislead and deceive the general public into believing SBP's business is affiliated and associated with and a part of the 336 location.

246.     SBP's use of the Mark has already created confusion in the general public which is confused about the ownership of the Mark and believes the 443 location is connected, associated and affiliated with the 336 location and the goods and services sold by SBP to the general public originate from and are of the same quality of Knickerbocker.

247.    SBP's unauthorized use of the Mark infringes upon, dilutes, harms and tarnishes the Mark and Knickerbocker's business.

248.    Knickerbocker is entitled to recover damages against SBP by reason of such infringement including a sum representing the profits generated by SBP's businesses from the use of the Mark.

249.    By reason of such infringement, Knickerbocker has been damaged in an amount to be determined at trial.

**AS AND FOR A THIRD COUNTERCLAIM FOR
<u>UNFAIR COMPETITION</u>**

250.    Knickerbocker repeats and realleges each and every allegation set forth in the prior paragraphs herein and the same are incorporated by reference and made a part hereof.

251.    By knowingly, intentionally and willfully utilizing and misappropriating the goodwill of Knickerbocker, the tradename "Tony's Pizza" and the Mark in the operation of SBP's business, SBP has sought to create blurring and confusion amongst the general public as to the tradename and the Mark, to gain a competitive advantage against Knickerbocker, to cause economic harm and loss to Knickerbocker, and to generate profits and benefits from the tradename, Mark, good will, name, and enterprise of Knickerbocker.

252.    SBP is fully aware such efforts and conduct inflict significant competitive injury upon Knickerbocker by reason of the fact they infringe upon, blur, dilute, tarnish and harm the tradename, Mark and Knickerbocker's business.

253.    SBP has acted in bad faith and has engaged in, and shall continue to engage in, unfair competition against Knickerbocker.

254.    The actions of SBP were committed knowingly, willfully and in conscious disregard of Knickerbocker's rights to its tradename and the Mark.

255.    As a direct result of SBP's intentional and deliberate actions, Knickerbocker has been caused to suffer damages, lost income and lost business opportunities and is entitled to monetary damages in an amount to be determined at trial.

## AS AND FOR A FOURTH COUNTERCLAIM FOR
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW §349

256.    Knickerbocker repeats and realleges each and every allegation set forth in the prior paragraphs herein and the same are incorporated by reference and made a part hereof.

257.    SBP has willfully and intentionally engaged in material deceptive acts and practices in the conduct of its business and in furnishing goods and services to consumers and the general public in the State of New York in violation of New York State General Business Law §349.

258.    Knickerbocker has suffered irreparable harm, loss, damages, costs and expenses as a result of such deceptive acts and practices and will continue to suffer such irreparable harm in the event SBP's deceptive acts and practices are not enjoined.

259.    Knickerbocker has no adequate remedy at law for the irreparable harm, loss, damages, costs and expenses it has suffered.

260.    Knickerbocker is entitled to (i) injunctive relief against SBP enjoining it from continuing such deceptive acts and practices; (ii) monetary relief for the damages it has suffered in an amount to be determined at trial; and (iii) reasonable attorney fees for SBP's violation of New York State General Business Law §349.

## AS AND FOR A FIFTH COUNTERCLAIM FOR
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW §350

261.    Knickerbocker repeats and realleges each and every allegation set forth in the prior paragraphs herein and the same are incorporated by reference and made a part hereof.

262.     SBP has willfully and intentionally engaged in material deceptive acts and practices in the conduct of its business and in furnishing goods and services to consumers and the general public in the State of New York by utilizing false advertising, by attempting to mislead the general public and by creating the false impression that the 443 location is connected, associated and related to the 336 location.

263.     SBP's practices and advertisements were misleading to consumers and the general public in all material respects.

264.     Knickerbocker has been injured as a result of the deceptive practices, acts, conduct and advertisements of SBP.

265.     Knickerbocker is entitled to monetary damages in an amount to be determined at trial.

**AS AND FOR A SIXTH COUNTERCLAIM FOR
PURSUANT TO NEW YORK GENERAL BUSINESS LAW §360-L**

266.     Knickerbocker repeats and realleges each and every allegation set forth in the prior paragraphs herein and the same are incorporated by reference and made a part hereof.

267.     SBP has acted knowingly, intentionally and willfully in utilizing Knickerbocker's tradename and the Mark without the consent or authority of Knickerbocker.

268.     SBP's use of Knickerbocker's tradename and the Mark infringes, dilutes, harms and tarnishes the Marks and Knickerbocker's business.

269.     Knickerbocker will suffer immediate and irreparable harm unless SBP is restrained and preliminarily and permanently enjoined from continuing to inappropriately utilize Knickerbocker's tradename and the Mark in the conduct of SBP's business, advertising and marketing to the general public.

270.     Knickerbocker is entitled to the injunctive relief which it seeks pursuant to New

York General Business Law §360-L.

271.    The granting of the provisional and preliminary injunctive relief requested herein shall in no way prejudice or harm SBP however, in the alternative, the failure to grant Knickerbocker such relief shall irreparably and significantly damage Knickerbocker, thereby making a balancing of the equities weigh in Knickerbocker's favor for the granting of the provisional and preliminary injunctive relief requested herein.

272.    Knickerbocker has no other remedy at law or equity to prevent such irreparable and significant damage.

273.    Knickerbocker therefore requests that the Court issue a preliminary and permanent injunction enjoining SBP and its employees, agents, servants, attorneys, representatives and other persons acting on her behalf or in concert with SBP, known or unknown, from, in any manner or by any means, taking any action to utilize Knickerbocker's tradename and the Mark in the SBP's business, including at the 443 location.

**WHEREFORE**, after fully answering Plaintiff's Complaint, Defendant request the Court to grant relief as follows:

A.   That Plaintiff's Complaint be dismissed in its entirety;

B.   That judgment be entered in favor of Defendant Knickerbocker and against Plaintiff for each of the Counterclaims as set forth hereinabove;

C.   That Plaintiff's demand for a jury trial be denied with respect to any causes of action and claims in which the Court determines the Plaintiff does not have a right to a jury trial or to the extent that Plaintiff has waived its right to a jury trial;

D.   That Defendant recover all costs of Court and reasonable attorneys' fees as authorized by statute and/or common law; and

E.   That Defendant be awarded such other and further relief which the Court deems just and proper.

Dated:  New York, New York
        August 22, 2019

Yours, etc.

_____
MOULINOS & ASSOCIATES LLC
By: Peter Moulinos, Esq.
*Attorneys for Defendant*
150 East 58th Street, 25th Floor
New York, New York 10155
(212) 832-5981

To:   Robert B. Golden, Esq.
      Lackenbach Siegel LLP
      *Attorneys for Plaintiff*
      One Chase Road
      Scarsdale, New York 10583
      (914) 723-4300